# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| **QING YUAN CAO** (A089 224 801) | ) | |
| **QUI HUI LIN** (A095 100 929), | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 16 C 5997 |
| | ) | |
| **JEH JOHNSON**, in his official capacity as | ) | |
| Secretary of Department of Homeland Security; | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM ORDER

This Court's invariable practice whenever a newly filed lawsuit is assigned to its calendar under our District Court's computerized random assignment system is (1) to review the complaint within a few days after filing and (unless there is something in the complaint that poses a jurisdictional problem or otherwise calls for immediate attention, in which event it issues an appropriate sua sponte memorandum order) (2) to set a status hearing date as part of its customary initial scheduling order.  That practice, however, obviously depends on this Court having been made aware of the lawsuit's filing, and that meshes with our District Court's LR 5.2(f), which calls for the delivery to this Court's chambers of a paper copy of the complaint within one business day after filing.[1]

---

[1]  Actually LR 5.2(f) gives judges a "dealer's choice" as to whether they choose to maintain paper files or, as most of the newer judges on the court have done, choose to depend on electronic rather than paper recordkeeping.  This Court has made it clear on its website that paper copies are the order of the day in cases assigned to its calendar.

In this mandamus action plaintiffs' lead counsel is a New York lawyer, and his unawareness of the need to deliver a Judge's Copy of the complaint in this action may perhaps be understandable (although lawyers who engage in practice outside of the situs of their offices ought to understand the need to familiarize themselves with local practice and procedures in such other venues). But here the lead counsel has affiliated himself with a Chicago lawyer, who certainly ought to be aware of this District Court's rules and procedures but simply dropped the ball.

In any event, when counsel in a case fail to comply with LR 5.2(f)[2] for at least a week and this Court learns of a case's filing in some other way, it imposes a $100 fine for such noncompliance. Accordingly plaintiffs' counsel in this case are ordered to pay a $100 fine forthwith, with the check to be made payable to "Clerk of the District Court" and to designate the number of this case.

As for the action itself, United States governmental defendants are allowed more time for responsive pleading than nongovernmental litigants. Hence this action is simply set for an initial status hearing on at 9 a.m. August 19, 2016, but because of the nature of the action this Court leaves it to plaintiffs' counsel to bring the matter on for hearing before that date if they may do so procedurally.

_____
Milton I. Shadur
Senior United States District Judge

Date: July 1, 2016

---

[2] That LR applies to all filings in a case, not just the initial complaint.